UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HOWE,

         CASE NO. 05-CV-30326

    Plaintiff,

         Honorable Denise Page Hood

v.

DCC LITIGATION FACILITY, INC.,

    Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR SUMMARY JUDGMENT
and
SETTING SUPPLEMENTAL BRIEFING/NOTICE SCHEDULE**

**I.    BACKGROUND**

    This matter is before the Court on the DCC Litigation Facility's Motion for Summary Judgment arguing judicial estoppel based on Plaintiff Barbara Howe's filing of a previous chapter 7 bankruptcy action wherein she did not note her claim against the Facility or Dow Corning.  Howe filed her lawsuit against the Litigation Facility in February 2005.  In September 2005, Howe filed a personal chapter 7 bankruptcy petition, with assistance of counsel, wherein she did not disclose this very lawsuit in her disclosure statements.  The bankruptcy petition was filed in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 3:05-BK-09517-JAF.  The

Litigation Facility seeks summary judgment based on judicial estoppel that Howe failed to disclose her claim against the Litigation Facility in her bankruptcy action. Briefs have been filed and a hearing held on the matter.

While the motion was pending, Plaintiff sought to reopen the matter in the bankruptcy court. The bankruptcy court reopened the bankruptcy action and the bankruptcy trustee has since sought approval from the bankruptcy court to approve a settlement between the trustee and the Litigation Facility. (Notices, Doc. Nos. 91, 92, 93, 95)

On March 28, 2014, the Litigation Facility submitted a notice indicating the matter was heard before the bankruptcy court on March 27, 2014. (Notice, Doc. No. 96) The Litigation Facility indicated that the bankruptcy court allowed Howe to "bid" on the claim against the Litigation Facility before ruling on the trustee's request to approve the compromise between the trustee and the Litigation Facility. Howe agreed to pay the Estate Trust the amount necessary to make whole the creditors and pay the trustee fees. Upon payment of the amount, the trustee will relinquish the breast implant tort action. The bankruptcy court allowed Howe to pay the amount within 30 days. If Howe fails to pay the ordered amount, the trustee may then proceed with the compromise of claims agreed to with the Litigation Facility. The bankruptcy court noted that the judicial estoppel issue was not before it and that the issue should be

decided by the district court.  (Notice, Doc. No. 96)

## II.  ANALYSIS

### A.  Summary Judgment Standard

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248. Michigan law requires that a plaintiff claiming negligence prove his or her case by a preponderance of the evidence. *Gass,* 558 F.3d at 431.

### B.  Judicial Estoppel

The Litigation Facility moves to dismiss Howe's Complaint asserting that she is judicially estopped from raising her claims against the Litigation Facility because she had filed a bankruptcy action and allowed the bankruptcy court to discharge her debts while withholding the fact that she may have a potential asset resulting from her claim against the Litigation Facility. Howe argues that the doctrine of judicial estoppel does not apply in this case and that the Litigation Facility should not now be able to raise this issue at this stage of the case.

The doctrine of judicial estoppel applies "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *In re Commonwealth Institutional Securities, Inc.,* 394 F.3d 401, 406 (6th Cir. 2005)(quoting *New Hampshire v. Maine,* 532 U.S. 742, 749

(2001)).  In the bankruptcy setting, a debtor has an affirmative duty to disclose all of his assets to the bankruptcy court.  *Stephenson v. Malloy,* 700 F.3d 265, 267 n. 2 (6th Cir. 2012)(citing 11 U.S.C. § 521(a)(1)).  A cause of action is an asset that must be scheduled under § 521(a)(1).  *See Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir. 2004).  The Sixth Circuit explained that the doctrine of judicial estoppel applies in the bankruptcy context if:

> (1) [Plaintiff] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [Plaintiff's] omission did not result from mistake or inadvertence.  In determining whether [Plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether:  (1) [he] lacked knowledge of the factual basis of the undisclosed claims; (2) [he] had a motive for concealment; and (3) the evidence indicates an absence of bad faith.

*White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 478 (6th Cir. 2012).  The Litigation Facility submitted the public record of Howe's bankruptcy action filed before the bankruptcy court to support its motion in this case.  The Litigation Facility has properly supported its motion.

The inference of the bankruptcy filings and the Complaint in this case is that Howe assumed a position that was contrary to the one she asserted under oath in the bankruptcy proceedings.  Howe asserted in the bankruptcy proceeding that she did not

have the instant asset, even though she filed a claim against the Litigation Facility months earlier in February 2005. Based on Howe's assertions in her bankruptcy schedules, the bankruptcy court adopted the contrary position, both as a preliminary matter and as part of the final disposition discharging Howe's debts.

In determining whether Howe's conduct resulted from mistake or inadvertence, this Court finds that she did not lack knowledge of the factual basis of the undisclosed claim against the Litigation Facility since the instant claim was filed in February 2005 and the bankruptcy petition was filed in September 2005. As to a motive for concealment, it is not clear that Howe attempted to hide the instant matter with her bankruptcy counsel. Based on the proximity of the filings of the two actions, an inference of bad faith on the part of Howe is reasonable. The Court finds that judicial estoppel applies as to Howe's claim against the Litigation Facility.

As noted above, the matter was reopened by the bankruptcy court and a compromise between the trustee and the Litigation Facility was heard by the bankruptcy court. It is noted that the bankruptcy trustee is not before the Court. The trustee is the real party in interest and is the representative of the bankruptcy estate who may sue and be sued. 11 U.S.C. § 541(a)(1). The trustee is not barred from pursuing any claim on behalf of the estate. *See Stephenson v. Malloy,* 700 F.3d 265, 272 (6th Cir. 2012). A debtor's errors or omissions should not be attributed to the

trustee for purposes of judicial estoppel. *Id.*

The trustee has pursued Howe's claim against the Litigation Facility before the bankruptcy court, seeking approval to compromise the matter. Based on the Litigation Facility's recent notice, it appears that Howe agreed to pay the trustee an amount which would make the creditors whole. If Howe pays the amount ordered by the bankruptcy court, then the trustee would "relinquish" the claim against the Litigation Facility. If Howe does not pay the amount, then the compromise between the trustee and the Litigation Facility will move forward.

Because the issue as to the impact of the trustee's "relinquishment" of Howe's claim against the Litigation Facility is not before the Court, the Court denies without prejudice the Litigation Facility's summary judgment motion based on a judicial estoppel argument. If the trustee does relinquish Howe's claim, the parties may file supplemental briefs on this issue. The Court will then revisit its decision.

However, if Howe fails to pay the amount ordered by the bankruptcy court to the trustee, then it is clear that judicial estoppel applies since the bankruptcy trustee, the real party in interest in this action, has pursued the claim. The Litigation Facility may then file a supplemental notice submitting such documentation filed by before the bankruptcy court. At such time, the Court will grant the Litigation Facility's Motion for Summary Judgment based on Judicial Estoppel.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Litigation Facility's Motion for Summary Judgment Based on Judicial Estoppel **(Doc. No. 57)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties file supplemental briefs on the relinquishment issue or notice as to the status of the bankruptcy action by **Friday, June 20, 2014.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager