UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HOWE,

        CASE NO. 05-CV-30326

    Plaintiff,

        Honorable Denise Page Hood

v.

DCC LITIGATION FACILITY, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND FOR CLARIFICATION

On March 31, 2014, the Court entered an Order Denying Without Prejudice Defendant's Motion for Summary Judgment and Setting Supplemental Briefing and Notice Schedule. (Doc. No. 97) Plaintiff Barbara Howe filed a Motion for Reconsideration and for Clarification on April 14, 2014. (Doc. No. 99)

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). "A motion for reconsideration that merely presents 'the same issues ruled upon by the Court, either expressly or by reasonable implication,' shall be denied." *Hence v. Smith,* 49 F.Supp.2d 547, 551 (E.D. Mich. 1999). Although a district court may not have addressed all the arguments raised by a party, there is no palpable defect if the district court's order implicitly rejects such arguments. *Savage v. U.S.,* 102 Fed.Appx.20, 23, Case Nos. 03-1443, 03-1639 (6th Cir. Apr. 30, 2004)(unpublished).

Howe seeks clarification as to the effect on the judicial estoppel issue of Howe acquiring the rights of the bankruptcy trustee upon payment by Howe of the agreed funds to the trustee based on the April 2, 2014 Order of the bankruptcy court.

Because Howe has since failed to purchase the rights of the bankruptcy trustee, Howe's clarification motion is moot. In any event, the Court finds that as to the Court's findings and conclusions on the judicial estoppel issue in its March 31, 2014 Order, Howe merely presents the same arguments ruled upon by the Court.

Accordingly,

IT IS ORDERED that Barbara Howe's Motion for Reconsideration and for Clarification (**Doc. No. 99**) is DENIED.

                                               */s/ Denise Page Hood*
                                               DENISE PAGE HOOD
                                               United States District Judge

DATED: September 29, 2014